UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ELIAZAR CRUZ, § | |
| § | |
| Petitioner, § | |
| § | CRIMINAL ACTION NO. V-03-10 |
| v. § | |
| § | CIVIL ACTION NO. V-04-87 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## ORDER

Pending before the Court is Petitioner Eliazar Cruz's ("Cruz") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. #49). The Court ordered the government to respond and the government filed a Motion to Dismiss (Dkt. #54). To date, Cruz has not filed a response to the government's motion. After considering the parties' arguments and the applicable law, the Court is of the opinion that Cruz's Motion to Vacate, Set Aside, or Correct Sentence should be **DENIED** and the government's Motion to Dismiss should be **GRANTED**.

## FACTUAL BACKGROUND

On May 24, 2002, and June 17, 2002, officers with the Calhoun County Sheriffs Department met with a confidential informant who told the officers Cruz offered to sell him cocaine. On both occasions, the informant traveled to Cruz's residence in Port Lavaca, Texas where Cruz sold him cocaine in the amount of 23.36 and 81.89 grams, respectively.[1] The informant identified Cruz from a photographic lineup as the person who sold him the cocaine.

Attorney Neftali J. Villafranca ("Counsel") represented Cruz. *Rearraignment of Eliazar Cruz* ("Rearraignment") at 2. Counsel also represented Cruz in an unrelated state court matter. *Id.*

---

[1] The informant made the second purchase from Cruz's wife, Melissa Galindo.

at 13. Although it is unclear when and how often Counsel visited with Cruz to discuss the relevant federal cocaine distribution charges, Counsel claims to have met with Cruz on several occasions while Cruz awaited trial. *Id.*; *Affidavit of Neftali J. Villafranca* ("Affidavit")(Dkt. #54-2). The matter of the discussions between Counsel and Cruz are equally unclear, but Counsel alleges he advised Cruz as to whether he should attempt to obtain a favorable plea agreement and the possible sentencing guideline range that may attach. *Id.* Counsel also claims to have notified Cruz of the possibility and risks associated with being classified as a career offender. *Id.* Cruz denies this and asserts that Counsel informed him he was facing a maximum sentence of 24 months. *Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* ("§ 2255 Motion") at 6 (Dkt. #49).

Cruz ultimately pled guilty to a felony charge of distribution of cocaine on June 16, 2003. Rearraignment at 20; § 2255 Motion at 1. This resulted in a recommendation by the government that Cruz receive the low end of his sentencing range. *Sentencing of Eliazar Cruz* at 7. As a result, Cruz was sentenced to 151 months from his 151 to 188 month sentencing range. *Id.*

Cruz now petitions the Court to vacate his sentence asserting Counsel's failure to inform Cruz of the possibility and consequences of being classified as a career offender, including the increased sentence to which such a classification might subject him, constituted ineffective assistance of counsel and rendered his plea agreement involuntary.

**EVIDENTIARY HEARING**

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record of the case conclusively show that no relief is appropriate.'" *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *see also*

*Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)) (concluding that if the record is adequate to fairly dispose of the petition, no hearing is required).  No evidentiary hearing is required in this case.

## STANDARD

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## ANALYSIS

### I. Ineffective Assistance of Counsel

Cruz argues that Counsel's failure to inform him of the possibility and consequences of being classified as a career criminal constituted ineffective assistance of counsel.[2]  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims.  To succeed on an ineffective assistance claim a petitioner must make two showings.  First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.

---

[2] Cruz alleges a "complete breakdown in communication" during which Counsel did not explain the plea agreement or effect of his prior convictions and only once visited him while awaiting trial. § 2255 Motion at 6.

3

Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.

The *Strickland* test is equally applicable in the context of plea agreements. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). However, in the plea bargain context, the second prong of the *Strickland* test is applied to whether or not a defendant would have proceeded to trial instead of accepting the plea. *Id.* at 59.

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital cases, this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88, n.4 (5th Cir. 1993)).

Cruz argues that his lawyer provided him with ineffective assistance by failing to inform him of the possibility that he would be classified as a career offender and subjected to the harsher sentencing provisions federal law mandates for serious, repeat offenders. However, the Fifth Circuit expressly rejected such an argument in *United States v. Pearson*, 910 F.2d 221 (5th Cir. 1990). In

that case, Pearson was told, apparently by both the prosecutor and his own attorney, that he would not be sentenced as a career offender. *Id.* However, Pearson's presentence report revealed that he had a more extensive criminal history than first suspected. *Id.* As a result he was sentenced as a career offender. *Id.* The Fifth Circuit held that as long as a defendant is told the maximum possible sentence to which he can be subject the defendant's Due Process rights have not been violated: "Due process does not mandate . . . either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." *Id.* at 223.

In the present case, the Court informed Cruz that he could be sentenced to a maximum of twenty years and Cruz indicated that he understood his possible sentence as such. Rearraignment at 20. The Court repeatedly inquired as to whether Cruz understood the proceeding, consequences of entering a plea of guilty, and the penalty range. *Id.* at 13, 20, 22. Cruz consistently answered in the affirmative. *Id.* Under the rule laid out in *Pearson*, Cruz's due process rights have not been violated because he was told the maximum possible sentence to which he might have been subjected. Even assuming Counsel failed to inform Cruz of the risks attendant to classification as a career criminal, Cruz's rights were not prejudiced. Therefore, Cruz's ineffective assistance of counsel claim is denied.

## II. Voluntary Plea

Cruz asserts that Counsel's failure to inform him of the possibility and consequences of being classified as a career criminal belied his understanding of the proceeding and thus negated the voluntary nature of his guilty plea. To be valid, a guilty plea must be voluntary, knowing, and intelligent. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). A plea is voluntary if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the

defendant.'" *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). When determining whether a plea is voluntary, this Court should consider all relevant circumstances and examine whether the conditions for a valid plea have been met. *Id.* at 364-65. The conditions for a valid plea require, among other things, that the defendant have notice of the charges against him, understand the constitutional protections waived, and have access to the advice of competent counsel. *Id.* at 365. Federal Rule of Criminal Procedure 11 requires this Court to address defendants in open court and determine that their pleas are voluntary. FED. R. CRIM. P. 11(b)(2).

As discussed above, the record indicates that the Court put Cruz on detailed notice of the charge against him. Rearraignment at 20, 29. The Court frequently asked Cruz if he understood the proceeding and consequences of entering a plea of guilty. *Id.* at 13, 20, 22, 24-26. Cruz replied that he understood the proceeding and the effect of his guilty plea. *Id.* The Court apprised Cruz of the constitutional protections he would waive by entering a plea of guilty. *Id.* The Court confirmed that Cruz had access and aid of counsel and that he had read the indictment and discussed it with his attorney. *Id.* at 13, 20, 22. Furthermore, Cruz assured the Court he had ample opportunity to discuss his case with his attorney and was "satisfied with the services" of Counsel. *Id.* at 15. For a petitioner to show that his plea was involuntary, he must show either that he did not "understand the nature of the constitutional protections that he was waiving," or that he had "such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). Considering all relevant circumstances, the Court concludes that Cruz's guilty plea was made voluntarily and his challenge as such is denied.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253, Cruz must obtain a certificate of appealability ("COA") before he can appeal this Order dismissing his petition. To obtain a COA, Cruz must make a substantial

showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Cruz must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Cruz has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is **DENIED**.

## CONCLUSION

For the foregoing reasons, Cruz's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is **DENIED** and the government's Motion to Dismiss is **GRANTED**.

It is so **ORDERED**.

Signed this 19th day of September, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE